# JUVENILE COURT PROCEDURAL RULES COMMITTEE
# FINAL REPORT[1]

## AMENDMENT OF Pa.R.J.C.P. 1608

On December 9, 2015, the Court amended Juvenile Court Procedural Rule 1608 concerning permanency hearings for children with a permanency plan of another planned permanent living arrangement ("APPLA"), services for independent living, and corresponding definitions, due to new federal requirements of the Preventing Sex Trafficking and Strengthening Families Act ("PSTSFA"), (P.L. 113-183), 42 U.S.C. §§ 675 & 675a.

After the rule amendment, the Governor signed the Act of Dec. 28, 2015, P.L. 559, which added to the federal requirements of 42 U.S.C. § 675a(a)(2)(B) to now require that the court "make findings that the significant connection is identified in the permanency plan or that efforts have been made to identify a supportive adult, if no one is currently identified." *See* 42 Pa.C.S. § 6351(F.1)(5)(iv)(D), *as amended*.

As presently constructed, Rule 1608 requires the court to consider evidence concerning "the full name of at least one identified supportive adult with whom the child has significant connections." Pa.R.J.C.P. 1608(D)(2)(a)(iii); *see also* Pa.R.J.C.P. 1149 (Family Finding). However, the rule does not require a finding of identification. Therefore, to conform the rule to the new state legislative requirement, Rule 1608 is amended to add paragraph (D)(2)(c)(iii) to require supportive adult identification as another judicial finding.

Rule 1608 is further amended to require the court at a permanency hearing to address the child's visitation with the guardian. Presently, this is required at the shelter care hearing, adjudicatory hearing, and dispositional hearing, see Pa.R.J.C.P. 1242(E)(7), 1409(C)(2)(b), 1512(D)(1)(k). Rule 1608 mentions visitation, but only in the context of siblings. *See* Pa.R.J.C.P. 1608(D)(1)(n). Rule 1609 (Permanency Hearing Orders) mentions "temporary visitation rights of parents," but only when the court transfers custody of the child. *See* Pa.R.J.C.P. 1609(C)(3). Therefore, Rule 1608 is amended to require the court to consider the adequacy of the visitation schedule for the child with the child's guardian.

---

[1] The Committee's Final Report should not be confused with the official Committee Comments to the rules. Also note that the Supreme Court does not adopt the Committee's Comments or the contents of the Committee's explanatory Final Reports.